NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEBASTIAN HURTADO HERNANDEZ, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 20-72346 Agency No. A213-080-879 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2021**

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Sebastian Hurtado Hernandez, a native of Guatemala and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

In his opening brief, Hurtado Hernandez does not challenge the agency's dispositive determination that his asylum application was untimely and he failed to establish an exception to the one-year deadline. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-1080 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, Hurtado Hernandez's asylum claim fails.

Hurtado Hernandez also does not raise any argument challenging, and therefore waives, the agency's dispositive determinations that his proposed social group of returnees with perceived wealth is not cognizable and that he otherwise failed to establish nexus to a protected ground. *See id*. Thus, Hurtado Hernandez's withholding of removal claim also fails.

Substantial evidence supports the agency's denial of CAT relief because Hurtado Hernandez failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

20-72346

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**